# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE DEMOCRATIC PARTY OF GEORGIA, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBYN A. CRITTENDEN, in her official capacity as the Secretary of State of Georgia, et al.,<br><br>    Defendants. | Civil Action No.:1:18-cv-5181-SCJ |

## DECLARATION OF LYNN LEDFORD

Pursuant to 28 U.S.C. § 1746, I, Lynn Ledford, make the following declaration:

1.

My name is Lynn Ledford. I am over the age of 21 years, and I am under no legal disability which would prevent me from giving this declaration. I am giving this declaration based on my personal knowledge.

2.

I am the Director of Registration and Elections/Directora de Elecciones for Gwinnett County, Georgia. I have held this position since 2002. As Director, I

1

manage a professional staff, which ranges in size between 14-20 fulltime employees and a number of part-time employees, as discussed below. My responsibilities include preparing draft ballots with proper ballot patterns for Gwinnett County's 156 voting precincts; recruiting and hiring 312 poll managers and 600-2500 poll workers; arranging for delivery of 600-1800 DRE (direct recording electronic) voting machines to the 156 precincts; supervising all aspects of early voting and absentee ballots, which began as early as April 7, 2018 for this year's elections; and supervising all aspects of the General Primary/Nonpartisan General Election and general elections (and runoffs, if any).

3.

My registration staff is made up of 46 individuals. Of those individuals, four are full-time and 42 are temporary employees. Twenty-seven are African-American, eleven are Caucasian, six are Latino, and two are Hmong.

4.

My role as Director of Registration and Elections/Directora de Elecciones includes overseeing the processing of absentee ballot applications and absentee ballots in the office of the Gwinnett County Board of Registrations and Elections ("BORE").

5.

This Declaration is given in support of the Gwinnett Board of Registrations and Elections' Response to Plaintiffs' Emergency Motion for Preliminary Injunction.

6.

As required by state law, the staff of the Gwinnett BORE mailed the first absentee ballots to voters for the 2018 general election on September 21, 2018, which is 45 days before Election Day.

7.

When a voter returns his or her ballot, my staff and I follow the statutory process outlined in O.C.G.A. 21-2-386(a)(1)(C) to verify the voter's identity by checking the information required by the form. If information required by the statute to verify the voter's identity is missing, we reject the ballot. This is not a new process in Gwinnett County—it is the process we have followed for as long as anyone on staff can remember.

8.

If any voter's absentee ballot is rejected, the staff sends the voter a letter within three business days stating that the ballot has been rejected and why; and includes a new application for an absentee ballot and information on how to vote

in-person through early or Election Day voting. We retain copies of all of these letters to ensure that every voter whose ballot has been rejected is notified.

9.

I do not have any firsthand knowledge of how other counties handle the absentee ballot application process or absentee ballots.

10.

My staff and I have worked around the clock to prepare for the November 6 election, process absentee and provisional ballots, and tabulate those ballots. It is not unreasonable to say that all of us are exhausted by the amount of work this election has required, especially due to the extremely high number of absentee ballots.

11.

When an absentee ballot is not filled out correctly (for example, when a voter does not fill in the bubble completely) or when a provisional ballot is voted out of precinct, my staff must undertake the time-consuming process of ballot duplication.

12.

As outlined in O.C.G.A. § 21-2-483(f), we must take several manual steps to prepare duplicate ballots that can be read by our machine scanner. It is a time-

consuming process that my staff has been engaged in for several days with the provisional ballots that still remain to be tabulated.

13.

The Gwinnett BORE meeting on certification is scheduled for 2:00pm on November 13, 2018. The Board set that time because my staff must prepare the vote totals for consideration by the Board. That is not unusual—it takes us that much time for each major election.

14.

The timelines set by statute give us barely enough time to process all ballots before the certification meeting and offering a significantly longer opportunity for individuals to come in and cure provisional ballots would make it impossible to meet the certification deadline.

15.

There is no way for my staff to open, duplicate, and count all of the absentee ballots we have previously rejected in time for the certification deadline at 5:00pm on Tuesday.

16.

My staff is able to verify out-of-precinct provisional ballots because we can determine whether Gwinnett residents voted in the election. We do not have the

ability to determine whether individuals registered to vote in other counties voted in the election.

17.

If we were directed to count the statewide votes for all out-of-county provisional ballots, my staff would be unable to determine whether those voters also voted in other counties in addition to Gwinnett County.

18.

In addition, every out-of-county provisional ballot would have to be hand-duplicated so it only counted the elections for which the individual was eligible to vote. Processing all of those provisional ballots would likely take several days.

19.

The only way my staff could count the previously rejected absentee ballots is if the certification deadline was extended for several days. If we were required to process additional provisional ballots, we would need even longer than that.

20.

My office does not begin preparing ballots for the runoff election until after certification by the Secretary of State.

21.

Almost a week of the four-week period for the runoff has already elapsed, and so getting absentee ballots out to voters who wish to vote in the runoff and preparing for early voting in the runoff are tasks my staff must turn to immediately after certification. Every day certification is delayed is another day we cannot send absentee ballots out to voters who wish to vote in the runoff.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of November, 2018.

_____
Lynn Ledford