IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| THE DEMOCRATIC PARTY OF GEORGIA, INC., AND AFG GROUP INC, | ) ) ) | |
| | ) | Civil Action |
| Plaintiffs, | ) | |
| v. | ) | File No. 1:18-CV-5181-SCJ |
| | ) | |
| ROBYN A. CRITTENDEN, in her official capacity as Secretary of State of the State of Georgia; STEPHEN DAY, JOHN MANGANO, ALICE O'LENICK, BEN SATTERFIELD, AND BEAUTY BALDWIN, in their official capacities as members of the Gwinnett County Board of Registration & Elections; and MICHAEL COVENY, ANTHONY LEWIS, LEONA PERRY, SAMUEL TILLMAN, and BAOKY VU, in their official capacities as members of the Dekalb County Board of Registration & Elections, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GEORGIA REPUBLICAN PARTY, INC. | ) | |
| | ) | |
| Defendant-Intervenor. | ) | |

## ANSWER IN INTERVENTION

COMES NOW, the Georgia Republican Party ("Intervenor Defendant" or

"Republican Party"), by and through counsel, and answers in intervention the

Complaint of The Democratic Party of Georgia, Inc., ("DPG") and AFG Group Inc ("AFG") (collectively, "Plaintiffs") as follows:

## INTRODUCTION

Plaintiffs' lawsuit raises facial challenges to Georgia statutes regarding mail-in absentee ballots and provisional ballots, and seeks to force county election officials to accept otherwise invalid ballots and delay certification of the results of the November 6, 2018 General Election.  Plaintiffs' challenges to the Georgia statutes regarding voting mail-in absentee ballots and provisional ballots could have been brought months or even years ago, but instead, Plaintiffs filed this lawsuit on the Sunday prior to the statutory deadline for counties to certify election result.

Contrary to Plaintiffs' allegations, accepting otherwise invalid mail-in absentee ballots and provisional ballots would have been an election irregularity, and likely result in numerous election contests.  Plaintiffs now ask this Court to disregard the express language of Georgia law and mandate statewide "super precincts" or "Vote Centers," in which voters can cast a ballot at any precinct in the state.  Plaintiffs also ask this Court to disregard a fundamental component to the absentee ballot process by forcing county election officials to count mail-in absentee ballots that lack identifying information that the voter is legally required

to provide.  Plaintiffs have systematically manufactured the provisional and absentee ballot "crisis" alleged in their Complaint in an attempt to circumvent the election contest procedure in Georgia.

If Plaintiffs believe improperly cast or rejected ballots are such that the election results are in question, Georgia law provides a procedural mechanism under O.C.G.A. § 21-2-521, et seq., to address their claims through an election contest in state court.  Similar to plaintiffs in other cases, Plaintiffs could have brought their facial challenges to the mail-in absentee ballot and provisional ballot statutes at issue long ago.  Delaying certification of the election results in order to count otherwise invalid ballots will also lead to unnecessary turmoil for voters, candidates, and elections officials in the December 4, 2018 runoff elections.

## FIRST AFFIRMATIVE DEFENSE

The allegations in Plaintiffs' Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred for lack of standing.

## FOURTH AFFIRMATIVE DEFENSE

Intervenor Defendant reserves the right to amend its defenses and to add additional ones.

Intervenor Defendant answers the specific paragraphs of Plaintiffs' Complaint as follows:

## INTRODUCTION

1.

The law speaks for itself and, accordingly, Paragraph 1 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph.

2.

The allegations in Paragraph 2 of Plaintiffs' Complaint refer to Plaintiffs' subjective intent, which is outside the scope of Intervenor Defendant's knowledge and therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

3.

The allegations in Paragraph 3 of Plaintiffs' Complaint refer to Plaintiffs' subjective intent, which is outside the scope of Intervenor Defendant's knowledge

and therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

4.

Intervenor Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint as pled.

5.

Intervenor Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint as pled.

6.

Intervenor Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint as pled.

7.

Intervenor Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint as pled.

8.

The allegations in Paragraph 8 of Plaintiffs' Complaint refer to Plaintiffs' subjective intent, which is outside the scope of Intervenor Defendant's knowledge and therefore denied on that basis.  All other allegations stated or implied in this paragraph are denied.

9.

The allegations in Paragraph 9 of Plaintiffs' Complaint refer to Plaintiffs' subjective intent, which is outside the scope of Intervenor Defendant's knowledge and therefore denied on that basis. All other allegations stated or implied in this paragraph are denied.

10.

Intervenor Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

**PARTIES, JURISDICTION, AND VENUE**

11.

Intervenor Defendant admits this Court possess subject matter jurisdiction over this action. All other allegations stated or implied in Paragraph 11 of Plaintiffs' Complaint are denied.

12.

Paragraph 12 of Plaintiffs' Complaint is a statement of law. The law speaks for itself and, accordingly, these allegations do not require a response. Intervenor Defendant denies any of Plaintiffs' characterizations of the law.

13.

Intervenor Defendant admits that venue is proper in this Court.  All other allegations stated or implied in Paragraph 13 of Plaintiffs' Complaint are denied.

14.

The allegations in Paragraph 14 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

15.

The allegations in Paragraph 15 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

16.

Intervenor Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Intervenor Defendant admits the allegations of Paragraph 17 of Plaintiffs' Complaint.

18.

The allegations in Paragraph 18 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

19.

Intervenor Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

Intervenor Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint as pled.

21.

Intervenor Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint as pled.

22.

Intervenor Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint as pled.

23.

Intervenor Defendant denies the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

The allegations in Paragraph 24 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

25.

The allegations in Paragraph 25 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

26.

Intervenor Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint as pled.

27.

Intervenor Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

Intervenor Defendant denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint as pled.

29.

Intervenor Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

This paragraph improperly contains distinct factual allegations and legal conclusions.  To the extent that they are statements of the law, the law speaks for itself and, accordingly, these allegations do not require a response.  Intervenor

Defendant denies any of Plaintiffs' characterizations of the law.  Factual

allegations unrelated to Intervenor Defendant are outside the scope of Intervenor

Defendant's knowledge and are therefore denied on that basis.  All other

allegations stated or implied in Paragraph 30 of Plaintiffs' Complaint are denied.

31.

Intervenor Defendant denies the allegations contained in Paragraph 31 of

Plaintiffs' Complaint as pled.

32.

This paragraph improperly contains distinct factual allegations and legal

conclusions.  To the extent that they are statements of the law, the law speaks for

itself and, accordingly, these allegations do not require a response.  Intervenor

Defendant denies any of Plaintiffs' characterizations of the law.  Factual

allegations unrelated to Intervenor Defendant are outside the scope of Intervenor

Defendant's knowledge and are therefore denied on that basis.  All other

allegations stated or implied in Paragraph 32 of Plaintiffs' Complaint are denied.

33.

This paragraph improperly contains distinct factual allegations and legal

conclusions.  To the extent that they are statements of the law, the law speaks for

itself and, accordingly, these allegations do not require a response.  Intervenor

Defendant denies any of Plaintiffs' characterizations of the law.  Factual allegations unrelated to Intervenor Defendant are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.  All other allegations stated or implied in Paragraph 33 of Plaintiffs' Complaint are denied.

34.

Intervenor Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint as pled.

## DEFENDANT CLASS ACTION ALLEGATIONS

35.

Intervenor Defendant denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint as pled.

36.

Intervenor Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

Intervenor Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

Intervenor Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

Intervenor Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.

Intervenor Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

**FACTS – ABSENTEE BALLOTS**

**GEORGIA'S ABSENTEE BALLOT VERIFICATION PROCESS**

41.

The allegations in Paragraph 41 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

42.

The law speaks for itself and, accordingly, Paragraph 42 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, and any other allegations stated or implied by this paragraph.

43.

The law speaks for itself and, accordingly, Paragraph 43 of Plaintiffs'
Complaint does not require a response.  Intervenor Defendant denies any of
Plaintiffs' characterizations of the law, and any other allegations stated or implied
by this paragraph.

44.

The law speaks for itself and, accordingly, Paragraph 44 of Plaintiffs'
Complaint does not require a response.  Intervenor Defendant denies any of
Plaintiffs' characterizations of the law, and any other allegations stated or implied
by this paragraph.

45.

The law speaks for itself and, accordingly, Paragraph 45 of Plaintiffs'
Complaint does not require a response.  Intervenor Defendant denies any of
Plaintiffs' characterizations of the law, and any other allegations stated or implied
by this paragraph.

46.

The law speaks for itself and, accordingly, Paragraph 46 of Plaintiffs'
Complaint does not require a response.  Intervenor Defendant denies any of

Plaintiffs' characterizations of the law, and any other allegations stated or implied by this paragraph.

47.

The law speaks for itself and, accordingly, Paragraph 47 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, and any other allegations stated or implied by this paragraph.

48.

The allegations in Paragraph 48 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

49.

Both the law and the document attached to Plaintiffs' Complaint speak for themselves and, accordingly, Paragraph 49 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law and/or the attached document, and any other allegations stated or implied by this paragraph.

50.

The allegations in Paragraph 50 of Plaintiffs' Complaint refer to a document, the content of which speaks for itself.  Intervenor Defendant denies any of

Plaintiffs' characterizations of the document.  The remaining allegations in Paragraph 50 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

51.

The allegations in Paragraph 51 of Plaintiffs' Complaint refer to a document, the content of which speaks for itself.  Intervenor Defendant denies any of Plaintiffs' characterizations of the document, as well as any other allegations stated or implied in this paragraph.

## GEORGIA AND FEDERAL LAW COMPEL ACCEPTANCE OF ABSENTEE BALLOTS WHERE THE VOTER CAN BE VERIFIED

52.

Intervenor Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.

The allegations in Paragraph 53 of Plaintiffs' Complaint refer to a document, the content of which speaks for itself.  Intervenor Defendant denies any of Plaintiffs' characterizations of the document, as well as any other allegations stated or implied in this paragraph.

54.

The allegations in Paragraph 54 of Plaintiffs' Complaint refer to a document, the content of which speaks for itself.  Intervenor Defendant denies any of Plaintiffs' characterizations of the document, as well as any other allegations stated or implied in this paragraph.

55.

Intervenor Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint as pled.

**GWINNETT NONETHELESS IS REJECTING ABSENTEE MAIL-IN BALLOTS ON UNLAWFUL GROUNDS**

56.

The allegations in Paragraph 56 of Plaintiffs' Complaint refer to a document, the content of which speaks for itself.  Intervenor Defendant denies any of Plaintiffs' characterizations of the document, as well as any other allegations stated or implied in this paragraph.

57.

The allegations in Paragraph 57 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

58.

The allegations in Paragraph 58 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

59.

Intervenor Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint as pled.

60.

The allegations in Paragraph 60 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

61.

The law speaks for itself and, accordingly, Paragraph 61 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, and any other allegations stated or implied by this paragraph.

62.

Intervenor Defendant denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint as pled.

63.

The allegations in Paragraph 63 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

## FACTS – PROVISIONAL BALLOTS

## GEORGIA'S PROVISIONAL BALLOT PROCESS

64.

Intervenor Defendant admits the allegations of Paragraph 64 of Plaintiffs' Complaint.

65.

The law speaks for itself and, accordingly, Paragraph 65 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, and any other allegations stated or implied by this paragraph.

66.

The law speaks for itself and, accordingly, Paragraph 66 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, and any other allegations stated or implied by this paragraph.

67.

The law speaks for itself and, accordingly, Paragraph 67 of Plaintiffs'
Complaint does not require a response.  Intervenor Defendant denies any of
Plaintiffs' characterizations of the law, and any other allegations stated or implied
by this paragraph.

68.

This paragraph improperly contains distinct factual allegations and legal
conclusions.  To the extent that they are statements of the law, the law speaks for
itself and, accordingly, these allegations do not require a response.  Intervenor
Defendant denies any of Plaintiffs' characterizations of the law.  Factual
allegations unrelated to Intervenor Defendant are outside the scope of Intervenor
Defendant's knowledge and are therefore denied on that basis.  All other
allegations stated or implied in Paragraph 68 of Plaintiffs' Complaint are denied.

69.

The law speaks for itself and, accordingly, Paragraph 69 of Plaintiffs'
Complaint does not require a response.  Intervenor Defendant denies any of
Plaintiffs' characterizations of the law, and any other allegations stated or implied
by this paragraph.

## THE SUBSTANTIAL BURDENS CREATED BY THE INADEQUATE CURE PERIOD

### 70.

Intervenor Defendant denies the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

### 71.

Intervenor Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint as pled.

### 72.

Intervenor Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

### 73.

Factual allegations unrelated to Intervenor Defendant are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis. All other allegations stated or implied in Paragraph 73 of Plaintiffs' Complaint are denied.

### 74.

Intervenor Defendant denies the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.

Intervenor Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.

Intervenor Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint as pled.

77.

Intervenor Defendant denies the allegations contained in Paragraph 77 of Plaintiffs' Complaint as pled.

78.

The allegations in Paragraph 78 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

79.

The allegations in Paragraph 79 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

80.

The allegations in Paragraph 80 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

81.

The allegations in Paragraph 81 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

82.

The allegations in Paragraph 82 of Plaintiffs' Complaint are outside the scope of Intervenor Defendant's knowledge and are therefore denied on that basis.

83.

Intervenor Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' Complaint as pled.

84.

Intervenor Defendant denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.

Intervenor Defendant denies the allegations contained in Paragraph 85 of Plaintiffs' Complaint as pled.

86.

The allegations in Paragraph 86 of Plaintiffs' Complaint refer to a document, the content of which speaks for itself.  Intervenor Defendant denies any of

Plaintiffs' characterizations of the document, as well as any other allegations stated or implied in this paragraph.

87.

Intervenor Defendant denies the allegations contained in Paragraph 87 of Plaintiffs' Complaint as pled.

88.

Intervenor Defendant denies the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

**NO STATE INTEREST JUSTIFIES THESE BURDENS**

89.

Intervenor Defendant denies the allegations contained in Paragraph 89 of Plaintiffs' Complaint.

90.

The law speaks for itself and, accordingly, Paragraph 90 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph.

91.

The law speaks for itself and, accordingly, Paragraph 91 of Plaintiffs'
Complaint does not require a response.  Intervenor Defendant denies any of
Plaintiffs' characterizations of the law, as well as any other allegations stated or
implied in this paragraph.

92.

Intervenor Defendant denies the allegations contained in Paragraph 92 of
Plaintiffs' Complaint.

93.

The law speaks for itself and, accordingly, Paragraph 93 of Plaintiffs'
Complaint does not require a response.  Intervenor Defendant denies any of
Plaintiffs' characterizations of the law, as well as any other allegations stated or
implied in this paragraph.

94.

The allegations in Paragraph 94 of Plaintiffs' Complaint refer to a document,
the content of which speaks for itself.  Intervenor Defendant denies any of
Plaintiffs' characterizations of the document, as well as any other allegations stated
or implied in this paragraph.

95.

The allegations in Paragraph 95 of Plaintiffs' Complaint refer to a document, the content of which speaks for itself.  Intervenor Defendant denies any of Plaintiffs' characterizations of the document, as well as any other allegations stated or implied in this paragraph.

96.

Intervenor Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

## CAUSES OF ACTION

### Count I – Violation Of The Fundamental Right To Vote Under the First And Fourteenth Amendments (Absentee Ballots)

97.

Intervenor Defendant incorporates by reference its responses to each preceding paragraph of Plaintiffs' Complaint as if fully restated herein.

98.

The law speaks for itself and, accordingly, Paragraph 98 of Plaintiffs' Complaint does not require a response. Intervenor Defendant denies any of Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph.

99.

The law speaks for itself and, accordingly, Paragraph 99 of Plaintiffs' Complaint does not require a response. Intervenor Defendant denies any of Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph

100.

The law speaks for itself and, accordingly, Paragraph 100 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph.

101.

Intervenor Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.

Intervenor Defendant denies the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103.

Intervenor Defendant denies the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.

Intervenor Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

## Count II – Violation of the Due Process Clause of the Fourteenth Amendment (Absentee Ballots)

105.

Intervenor Defendant incorporates by reference its responses to each preceding paragraph of Plaintiffs' Complaint as if fully restated herein.

106.

The law speaks for itself and, accordingly, Paragraph 106 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph.

107.

The law speaks for itself and, accordingly, Paragraph 107 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph.

108.

Intervenor Defendant denies the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

109.

Intervenor Defendant denies the allegations contained in Paragraph 109 of Plaintiffs' Complaint.

110.

Intervenor Defendant denies the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111.

Intervenor Defendant denies the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

## **Count III – Violation of the Equal Protection Clause of the Fourteenth Amendment (Absentee Ballots)**

112.

Intervenor Defendant incorporates by reference its responses to each preceding paragraph of Plaintiffs' Complaint as if fully restated herein.

113.

The law speaks for itself and, accordingly, Paragraph 113 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of

Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph.

114.

The law speaks for itself and, accordingly, Paragraph 114 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph.

115.

Intervenor Defendant denies the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

116.

Intervenor Defendant denies the allegations contained in Paragraph 116 of Plaintiffs' Complaint as pled.

## **Count IV – Violation Of The Fundamental Right To Vote Under The First And Fourteenth Amendments (Provisional Ballots)**

117.

Intervenor Defendant incorporates by reference its responses to each preceding paragraph of Plaintiffs' Complaint as if fully restated herein.

118.

Intervenor Defendant denies the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.

Intervenor Defendant denies the allegations contained in Paragraph 119 of Plaintiffs' Complaint,

120.

Intervenor Defendant denies the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.

Intervenor Defendant denies the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.

Intervenor Defendant denies the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

123.

Intervenor Defendant denies the allegations contained in Paragraph 123 of Plaintiffs' Complaint.

## Count V – Violation of the Due Process Clause of the Fourteenth Amendment (Provisional Ballots)

124.

Intervenor Defendant incorporates by reference its responses to each preceding paragraph of Plaintiffs' Complaint as if fully restated herein.

125.

The law speaks for itself and, accordingly, Paragraph 125 of Plaintiffs' Complaint does not require a response.  Intervenor Defendant denies any of Plaintiffs' characterizations of the law, as well as any other allegations stated or implied in this paragraph.

126.

Intervenor Defendant denies the allegations contained in Paragraph 126 of Plaintiffs' Complaint.

127.

Intervenor Defendant denies the allegations contained in Paragraph 127 of Plaintiffs' Complaint.

128.

Intervenor Defendant denies the allegations contained in Paragraph 128 of Plaintiffs' Complaint.

129.

Intervenor Defendant denies the allegations contained in Paragraph 129 of Plaintiffs' Complaint.

## Count VI – Violation of the Equal Protection Clause of the Fourteenth Amendment (Provisional Ballots)

130.

Intervenor Defendant incorporates by reference its responses to each preceding paragraph of Plaintiffs' Complaint as if fully restated herein.

131.

Intervenor Defendant denies the allegations contained in Paragraph 131 of Plaintiffs' Complaint.

132.

Intervenor Defendant denies the allegations contained in Paragraph 132 of Plaintiffs' Complaint.

133.

Intervenor Defendant denies the allegations contained in Paragraph 133 of Plaintiffs' Complaint.

## RELIEF REQUESTED

Intervenor Defendant denies that Plaintiffs are entitled to any relief they seek.  Intervenor Defendant denies every allegation not specifically admitted herein.

Respectfully submitted this 15th day of November, 2018.

/s/ Josh Belinfante
Josh Belinfante
Georgia Bar No. 047399
jbelinfante@robbinsfirm.com
W. Ryan Teague
Georgia Bar No. 701321
rteague@robbinsfirm.com
Vincent R. Russo
Georgia Bar No. 242628
vrusso@robbinsfirm.com
Brian E. Lake
Georgia Bar No. 575966
blake@robbinsfirm.com
Kimberly Anderson
Georgia Bar No. 602807
kanderson@robbinsfirm.com
Robbins Ross Alloy Belinfante Littlefield LLC
500 14th Street, N.W.
Atlanta, Georgia  30318
Telephone:   (678) 701-9381
Facsimile:    (404) 856-3250

Attorneys for GA GOP

## **L.R. 7.1(D) CERTIFICATION**

I certify that this pleading has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).  Specifically, this pleading has been prepared using 14-pt Times New Roman Font.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day filed the within and foregoing **ANSWER IN INTERVENTION** with the Clerk of Court using the CM/ECF system, which automatically sends counsel of record e-mail notification of such filing.

This 15th day of November, 2018.

*/s/ Josh Belinfante*
Josh Belinfante